## No. 5727.

### PHILIP P. COOK v. O. H. POLLARD ET AL.

1. DECREE—ATTACHMENT—NECESSARY PARTIES.—When on a trial the specific equitable relief prayed for in the pleadings of the successful party is authorized and required under the facts as found, it is error to disregard the prayer and enter a decree not prayed for. Hence, if in proceedings by attachment an intervenor attacks the claim of the original plaintiff for fraud, and prays that the proceeds of the attached property may be applied to the satisfaction of his own claim, and to that of subsequent attaching creditors according to the priority of their liens, and on the trial the claim of the plaintiff is adjudged fraudulent, it is error to decree payment to the plaintiff of such funds as may remain after discharging the debt due the intervenor, in disregard of other attaching creditors; and this, though such other attaching creditors have not been made parties. In such a case, before entering the final decree, all the attaching creditors should be made parties. When the determination of priority of liens is involved, all claiming liens who are interested in the distribution of the fund are necessary parties.

APPEAL from Lamar. Tried below before the Hon. D. H. Scott.

Suit by attachment, begun by appellant, whose claim was attacked for fraud by Simon & Morse and Max Judd & Company, intervenors, and subsequent attaching creditors.

By order of the trial judge, and upon application of appellant, the goods were, on the twentieth day of January, 1885, sold by the sheriff of the county as perishable property, and brought the sum of six thousand five hundred dollars, which sum, less four hundred and forty-eight dollars, the amount of his costs and expenses, the sheriff paid into the hands of the clerk of the district court, to abide the determination of the suit. At the term of the court next ensuing, and before judgment (appellee Pollard having been cited, and having failed to answer), appellees H. T. Simon & Morse, and Max Judd & Company, who were the fourth and fifth attaching creditors, and who had obtained judgments on their respective claims in the county court, filed each a motion and petition for intervention in the suit, upon the grounds that appellant's suit and attachment was upon a fictitious debt, and that the attachment

was intended for the purpose of hindering, delaying and de-
frauding Pollard's creditors.   None of the other attaching
creditors joined in the intervention or were sought to be made
parties of the suit.   The petitions of intervenors were excepted
to on the grounds, first, that intervenors had not given bond
as in case of injunctions; and second, that the other attaching
creditors have not joined, and have not been made parties to
the suit.   The court decreed that intervenors should be paid
the amounts of their judgments and costs from the fund in the
hands of the clerk, and that appellant should be paid from said
fund the amount of his judgment, interest and costs, less
the amount so decreed to be paid therefrom to intervenors.

The petitions of intervenors showed each of them upon its
face, that there were nineteen attachments levied successively
upon the goods (of which the fund in controversy was the pro-
ceeds), and each of the petitions alleged also the order of the
successive levies; and that plaintiff's attachment was the first,
and intervenors' attachments were respectively the fourth and
fifth in order; and also that the fund was sufficient to pay in
full only the first and second attachments and a part of the
third.

*R. R. Gaines*, for appellant:*   The fund in controversy, be-
ing subject to the lien of nineteen different attaching creditors,
whose attachments came to the hands of the sheriff at differ-
ent times and were successively levied upon the same stock of
goods, and the fund being insufficient to pay more than the
first and second attachments and a part of the third, the rights
of each attaching creditor is dependent upon the validity of
the preceding attachments; and it is error for the court to hear
a suit by two to determine the validity of the lien of the first
writ, the other lien holders not being made parties.   (Hall v.
Hall, 11 Texas, 546, 547, 548; Delespine v. Campbell, 45
Texas, 328; Waldroff v. Scott, 46 Texas, 1; Rodriguez v. Tre-
vino, 54 Texas, 198; Williams v. Bankhead, 19 Wall., U. S.,
563; Carson v. Robertson, Chase's Decisions, 4th Circuit, 475;
Gray v. Larrison, 2 Abbott's U. S. Rep., 542.)

To authorize the court to give judgment for intervenors, the
evidence must have established either that plaintiff's debt was
fictitious or that the attachment was sued out with intent to

*Note—Brief filed April 5, 1886.

hinder, delay or defraud Pollard's creditors. The evidence wholly fails to establish either proposition, and hence the court erred in its judgment. (Martel v. Somers, 26 Texas, 559; Ellis v. Valentine, Sup. Ct. Texas, Galv. Term, 1886; Woodson v. Collins, 56 Texas, 175; Giddings v. Steele, 28 Texas, 758; Paxton v. Boyce, 1 Texas, 325; United States v. Arredondo, 6 Peters, 716; Clark v. White, 12 Peters, 197.)

Fraud is not to be presumed except upon sufficient evidence, and the burden was upon the intervenors to show fraud by clear and satisfactory evidence. (Giddings v. Steele, 28 Texas, 758; Lynn v. Wright, 18 Texas, 332; Paxton v. Boyce, 1 Texas, 325; United States v. Arredondo, 6 Peters, 716; Bump. on Fraud. Con., 563.)

An attachment by a creditor to secure a bona fide debt is not fraudulent, although sued out with the knowledge and consent and even by procurement of the debtor. (Drake on Attach., sec. 280; Bump. on Fraud. Con., 219, 220; Baird v. Williams, 19 Pick., Mass., 381; Bailey v. Bryant, 24 Id., 198.)

*Hale & Baldwin,* for appellees: The non-complaining attaching creditors of O. H. Pollard were not necessary parties to this suit. (Nenney & White et al. v. Schluter & Co., 62 Texas, 329; Joseph Peters Furniture Co. v. Dickey, 4 The Review, and other later cases.)

A plea of intervention need not be sworn to. (Smith v. Allen, 28 Texas, 501.)

COLLARD, JUDGE. The intervention of appellees Simon & Morse, and Max Judd & Company in the attachment suit of appellant Cook against O. H. Pollard, was to have set aside and canceled the note sued on by Cook as a fraudulent and fictitious claim, and to have the proceeds of the goods levied on by Cook applied to the claims of other attaching creditors according to the priority of their attachment liens. Intervenors sued in their own names for the benefit of such subsequent attaching creditors without making them parties. The court rendered judgment for intervenors, declaring Cook's note fraudulent, and rendered judgment for Cook for the whole of his note against Pollard, but applying a sufficient amount of the proceeds of the sale of the goods that would otherwise have gone to the full payment of Cook's debt, to the satisfaction of the claims of the intervenors. After such deduction from

Cook's claim the residue of his claim was ordered paid out of the fund in the hands of the clerk, who held the proceeds of the sale of attached goods. Thus no benefit of the intervention was given by the decree to other attaching creditors, besides the intervenors. We think there was fundamental error in the decree. The pleadings of intervenors did not warrant the judgment. The object of the bill was to have the Cook claim declared fraudulent as to all the subsequent attaching creditors to Cook, and to have the fund distributed among them according to priority of their respective attachment leins. The judgment did not grant the relief prayed for, but a wholly different relief, as upon a suit by intervenors for their own exclusive benefit. The result was materially different from the one sought, depriving several creditors whose attachments were subsequent to those of intervenors from a participation in the benefits of the writ that they would have received had the judgment of the court followed the pleadings and prayer of the bill. The judgment will have to be reversed.

The appellant Cook excepted to the intervention because the proper and necessary parties were not before the court, and it is claimed by appellant that all the creditors for whose benefit the suit was brought by intervenors were necessary parties. The general rule is that all persons interested in the object and purpose of a suit must be made parties. There are exceptions to the rule; as in estates of deceased persons, suit may be maintained by one or a few creditors for themselves, and for other creditors against the legal representatives of the estate to have assets applied to payment of their debts (Story's Eq., 99), and in such case a creditor who claims a priority over other creditors by mortgage can sue in his own name for all the creditors, upon the principle that such other creditors can come in at any time before the succession is closed and have their rights adjusted. (Id., 101.) It has been decided in this State that one creditor can maintain a creditor's bill to set aside a fraudulent conveyance by a deceased person and subject the property so conveyed to be applied as assets of the estate. (Nix & Story v. Dukes, 58 Texas, 96.)

In a suit like the one at bar, where the decree is to be final, where priority of attachment liens of creditors is to be determined, and the fund actually and conclusively applied to their respective debts, we think all the creditors whose interests are to be affected by the decree should be made parties.

Where the interest of a person is necessarily affected by a suit he is a necessary party, whether he is to be benefited or not. (Hall v. Harris, 11 Texas, 300; Hall v. Hall, Id., 526; Buffalo Bayou Ship Channel Co. v. Bruly, 45 Id., 6.) Especially is the law strict to require all interested persons to be made parties when the question between them is as to priority of liens. (Delespine v. Campbell, 45 Id., 628; Rodriguez v. Trevino, 54 Id., 198.)

The attaching creditors whose interests will be affected by the suit of intervenors must unquestionably be made parties. To hold the contrary would be contrary to the entire tenor of decisions in this State. It is proposed by the decree to finally settle the rights of all the lien holders and to apply the fund as so determined to their debts. This can not be done unless they are before the court. It is settled in this State that subsequent attaching creditors can maintain a suit by intervention in order to protect their interests in the attached property, and to set aside the judgment for fraud. (Nenney & White v. Schluter, 62 Texas, 328; Grabenheimer v. Rindskoff, 64 Id., 49.) And no bond is required of the intervenors for such purpose.

We are of opinion that on account of the errors pointed out the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted May 15, 1888.

Judge Gaines did not sit in this case.