PETROLEUM PRODUCERS COMPANY ET AL V. M. H. REED ET AL.

No. 7557. Decided November 13, 1940.
(144 S. W., 2d Series, 540.)

*Perkins & Floyd*, of Alice, and *Kilgore & Rogers*, of Wichita Falls, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the State was a necessary party in a suit of trespass to try title between a leaseholder from the State and a naked trespasser. Prairie Oil & Gas Co. v. State, 231 S. W. 1088; Stahlman v. Riordan, 227 S. W. 726;; 32 Tex. Jur. 34.

*Daniel B. Purvis*, of San Diego, for defendants in error.

When the suit was a boundary suit which would involve the location of boundaries of land in which the State and other parties held an interest, it was necessary that all parties claiming interest therein should be made parties to the suit, and the trial court was vested with discretionary power to

dismiss same when such fact was called to its attention. McDonald v. Humble Oil & Refining Co., 78 S. W. (2d) 1068; Colquitt v. Gulf Production Co., 52 S. W. (2d) 235; Miller v. Moss, 65 Texas 179.

*Charles L. Black,* of Austin, filed a written argument, as amicus curiae.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit, in the statutory form of trespass to try title, instituted by the Petroleum Producers Company and the United Producers Company, as plaintiffs, to recover the title to and possession of the oil and gas leasehold estate in and to a certain tract of land in Duval County. The defendants in the suit are M. H. Reed, Ralph R. Ogden, Daniel B. Purvis, and R. R. Stolley. The defendants Reed, Ogden and Purvis filed a plea in abatement of the suit. The abatement is sought because the State of Texas is not a party to the suit—the said defendants claiming that the State is an indispensable party. As basis for their claim that the State is an indispensable party, said defendants allege in their said plea, substantially that said tract of land, in its entirety, is vacant, unsurveyed school land belonging to the State, and that said defendants hold the oil and gas leasehold estate in a designated portion of said tract under an oil and gas lease duly executed by the Commissioner of the General Land Office according to law. Upon due hearing of said plea in abatement and the evidence introduced at such hearing, the trial court sustained the plea and entered judgment dismissing the suit. The plaintiffs appealed from this judgment and same was affirmed by the Court of Civil Appeals. 122 S. W. (2d) 1116. The plaintiffs have been granted the writ of error.

As we have seen, the said defendants claim the oil and gas leasehold estate in a portion of said tract of land, under an oil and gas lease executed by the State. In other words, according to the claim of said defendants, whatever rights which accrued to them, under said lease, belong to them and not to the State. It is thus seen that the possession which the plaintiffs challenge is in no sense and in no respect, the possession of the State, but is that of the defendants themselves. The very crux of the question which the plaintiffs propose, in their petition, to litigate is whether, as against the defendants in the suit, the plaintiffs have the right to the possession of the oil and gas leasehold estate for which they sue. Undoubtedly, the plaintiffs are

privileged to litigate this question with the defendants in the absence of the State. Short v. Carter & Bro., 133 Texas 202, 126 S. W. (2d) 953.

From what has been said, the conclusion follows that the State is not an indispensable party to this suit, and that the trial court erred in sustaining the plea in abatement and entering judgment dismissing the suit. The judgment of the trial court, and that of the Court of Civil Appeals, are therefore reversed and the cause is remanded.

Opinion adopted by the Supreme Court November 13, 1940.