## BELT v. TEXAS CO.
### No. 5568.

Court of Civil Appeals of Texas. Amarillo.
Sept. 20, 1943.

Rehearing Denied Dec. 6, 1943.

E. L. Klett, of Lubbock, and Touchstone, Wight, Gormley & Touchstone and Allen Wight, all of Dallas, for appellant.

H. S. Garrett, of Fort Worth, and Bradley & Wilson, of Lubbock, for appellee.

STOKES, Justice.

This is a suit in trespass to try title filed on January 20, 1942, by the appellant, W. D. Belt, Jr., against the appellee, The Texas Company, in which he seeks to recover six tracts of land out of the Bob Slaughter Block in Hockley County. On February 18, 1942, appellee filed what it designated as a suggestion of the absence of necessary parties, in which it alleged that appellant's suit constituted, in effect, an attempt to recover the estates, rights, and interests conveyed to appellee by an oil and gas lease executed on February 26, 1936, by George T. Veal and others, covering the six tracts of land described in his petition, and, if he were accorded the relief for which he prayed, the effect of the judgment would be to cancel and annul the rights, interests, titles, and estates of some thirty-nine other persons who were not made parties to the suit. It alleged in substance that the oil and gas lease under which it and the absent parties held such rights and interests was what is commonly known as a unitized or community lease and that, by its terms, all of the lessors in the various other instruments and leases which made up the unitized block were granted interests in the form of royalties in each of the tracts involved in the entire unitized block. The pleading exhibited the names of the thirty-nine absent parties who it alleged owned interests in the tracts of land sued for, together with the counties of their residence, the date of the respective instruments, and the volume and page of the Deed Records of Hockley County where each was recorded. It alleged that each of the thirty-nine persons was a necessary party to the suit and moved the court to take no further action in the case than to order and require that by the next term of the court appellant make them parties to the suit, and upon his failure to do so, his cause of action be dismissed.

The suggestion of the absence of necessary parties, which included the motion to dismiss the case, was heard by the court on May 9, 1942, and the court heard evidence in support of appellee's allegations, which comprised patents, deeds, and other instruments constituting a complete chain of title from the sovereignty of the soil to George T. Veal and wife covering the land sued for by appellant, and the unitized lease from George T. Veal and others to appellee. After hearing the evidence and argument of counsel, the court sustained appellee's motion and ordered appellant to make parties to the suit the other owners of the royalty interests under the unitized lease. In order to give appellant ample time to comply with the order, the case was continued until the next term of the court. On March 8, 1943, at a subsequent term, the motion was again considered and, it appearing that appellant not only had failed to comply with the order of the court, but declined to do so, the case was dismissed at appellant's cost, to which action and judgment of the court, appellant duly excepted and gave notice of appeal.

The case is presented here upon a single proposition to the effect that the court erred in holding that appellant, claiming to be the owner of the fee title to the land involved, could not maintain an ordinary action in trespass to try title on a petition in which no equitable relief is sought against appellee, who was then in possession of the land and alleged to be removing the subsurface oil, without also making parties defendant all persons claiming an interest in the one-eighth royalty provided in the oil and gas lease under which appellee claims to have acquired its seven-eighths interest in the oil, gas, and other minerals in and under the land in question.

The oil and gas lease, under which appellee claims, was executed on February 26, 1936, by George T. Veal and his wife, Minnie Slaughter Veal. It leased to appellee for the development of oil and gas fourteen tracts of land, including the six tracts herein sued for by appellant, the entire fourteen tracts aggregating 2025 acres. It provided that, for the purpose of operation and development, the Veal lease and other similar leases upon other lands in the unitized block should be treated as one lease and that each lessor in similar leases covering land in the unitized block should participate in the oil and gas royalties provided in the Veal lease, when and as produced and sold, in the exact proportion as the individual royalty owner's interest in any tract bore to the aggregate number of acres held by the lessee, its successors or assigns, under lease in the unitized block at the time of production. It provided an example for the construction of this provision, to the effect that if at any time oil, gas, or other minerals should be pro-

duced from the land covered by the Veal lease, the lessor in that lease, or any other party executing to the lessee a similar lease on land within the unitized block, should own a 100-acre royalty interest and the lessee held under lease in the unitized block 6,000 acres, then the lessor in the Veal lease, or in any other lease, should be entitled to 100/6000 of the one-eighth or other royalty provided for in the Veal lease. All of the other leases procured and held by appellee in the unitized block contained the same provision, the effect of which was to merge all of the leases into one contract and invest all of the lessors in the unitized block with the right to participate in any royalty from oil, gas, or other minerals produced by The Texas Company on any tract or tracts included in the unitized block.

Appellant's contention is that, inasmuch as this is an action in trespass to try title, and does not involve any equitable principles, such as the cancellation of an instrument or the removal of a cloud from title, he has the right to prosecute it against appellee, regardless of the relationship which the other owners of the royalty interests may bear to the title and interest held by appellee. He contends that his rights in this respect are controlled by Rule 784, Vernon's Texas Rules of Civil Procedure, which is an extension of Article 7370, R.C.S.1925, and provides that the defendant in an action of trespass to try title shall be the person in possession if the premises are occupied, or some person claiming title thereto in case they are unoccupied. He contends further that The Texas Company is in possession and that no party other than The Texas Company can possibly suffer any injury to his legal interests by reason of appellant's suit against The Texas Company, nor by any decree which he seeks or might obtain.

█ Generally speaking, appellant's contention in this respect is well founded and has been upheld by many decisions of our courts. It is also a well-established rule, however, that in any kind of action or suit, in order that a valid judgment may be rendered, all necessary and essential parties must be before the court, and that those who are necessary parties are such persons as have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered. Cook v. Pollard, 70 Tex. 723, 8 S. W. 512; Fischer v. Rio Tire Co., Tex. Com.App., 65 S.W.2d 751; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

Under our practise, it matters little whether the suit be an action in trespass to try title, and therefore an action at law, or a suit to cancel a deed or other instrument, and therefore a suit in equity, the rule of necessary parties is the same.

██ The pleading filed by appellee and designated a suggestion of the absence of necessary parties and its motion to dismiss the case unless they were brought before the court is a familiar proceeding in our courts. It is, in effect, a plea in abatement and appellee had the right to urge it. The plea was amply sufficient in form in that it alleged not only that the action was improperly brought, but also revealed the manner in which it should have been brought. State ex rel. Templeton, Attorney General, v. Goodnight, 70 Tex. 682, 11 S.W. 119; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S. W.2d 569.

█ In support of its allegations, appellee presented evidence which showed, without dispute, interests in the land sued for that were owned and held by the thirty-nine absent parties named in the plea, and twenty-seven others, making sixty-six in all, and the court was confronted with the necessity of passing upon the issues made by the pleading and the evidence. The evidence showed that the interest held by The Texas Company was conveyed to it by the oil and gas lease; and the same evidence, together with the oil and gas lease itself, showed that the thirty-nine absent parties named in the motion and the twenty-seven others held interests identical in nature with that held by The Texas Company and created by the same instrument. The interests held by them are not such as those held by lessors in the ordinary oil and gas lease. The absent parties own their interests in the oil and gas that may be produced from the tracts involved in this suit by virtue only of the provisions of the oil and gas lease which require the development and production of the oil and gas. If The Texas Company or its assigns do not produce oil or gas from the land under the lease, the absent parties, in effect, are deprived of any interest they may own in the land. If the lease held by The Texas Company should be destroyed and a judgment entered freeing the land from that lease, the interests of the absent royalty

owners in the land involved in the suit would be entirely cut off and destroyed. We think, therefore, they are essential and necessary parties to the suit.

In our opinion, the case is controlled by the Supreme Court's decision in the case of Veal v. Thomason, supra. While it may be true, as contended by appellant, that that case involved an equitable proceeding for the cancellation of a trustee's deed, the Supreme Court did not base its holding upon the equitable rule, but upon the rule which requires that all those who are necessary and essential parties must be brought before the court. In the last paragraph of the opinion (159 S.W.2d 477), Justice Critz said: "Measured by the above rule, which no party to this appeal finds any fault with, the royalty owners under the other lease contracts in this unitized block are necessary parties to this suit. There is no escape from this conclusion, because Thomason seeks in this action to obtain a judgment freeing this land from the Texas Company lease, and if this is done by judgment which names such company only, the royalty owners under the other leases in this unitized block will have had such royalty interest in this land, for all practical purposes, cut off and destroyed without having had their day in court."

That case involved the same lease that is involved in this case and, regardless of whether or not the Thomason case contained the element of equitable cancellation, the holding of the court was to the effect that the absent parties, who were holders of royalty interests under the unitized lease, were necessary and essential parties because they owned interests of which they would be deprived if a judgment should be obtained by the plaintiff in which the land was freed of the Texas Company lease.

Appellant contends that the case is controlled by the holding of the Supreme Court in the case of Petroleum Producers Company v. Reed, 135 Tex. 386, 144 S.W.2d 540, 541. That was an action in trespass to try title instituted by the Petroleum Producers Company and the United Producers Company against M. H. Reed and others to recover the title and possession of an oil and gas leasehold estate in a tract of land in Duval County. The defendants filed a plea in abatement upon the ground that the State of Texas was not a party to the suit and contended that the State, being the lessor in the leases, was an indispensable party. The Supreme Court held that the State was not an essential party, because the subject matter of the suit was the oil and gas leasehold estate in a portion of the tract of land segregated and conveyed to the lessees by an oil and gas lease executed by the State. In the course of the opinion the Court said: "In other words, according to the claim of said defendants, whatever rights which accrued to them, under said lease, belong to them and not to the State. * * * The very crux of the question which the plaintiffs propose, in their petition, to litigate is whether, as against the defendants in the suit, the plaintiffs have the right to the possession of the oil and gas leasehold estate for which they sue. Undoubtedly, the plaintiffs are privileged to litigate this question with the defendants in the absence of the State."

From the quotation it will be seen that the estate in controversy in that case was the mineral estate that was separated from the entire estate in the land by the oil and gas lease, and not the entire estate in the land. All parties to the litigation recognized the validity of the oil and gas lease executed by the State and the controversy was over the segregated estate created by the oil and gas lease. In the instant case appellant seeks to recover the entire estate in the land, alleging that he acquired same on September 3, 1935, long before the lease in question was executed, and if he should be successful, the oil and gas lease held by appellee would be annulled and destroyed. As we have already said, the record shows that the absent parties own interests in the land only so long as the oil and gas lease held by The Texas Company remains in existence as a valid lease on the land. They are therefore vitally concerned and, under the rule of necessary and indispensable parties, so well established by the decisions of the courts of this State, they are entitled to be brought in and given the privilege of litigating their rights.

In our opinion, there is no merit in appellant's contention, and the judgment of the court below will therefore be affirmed.