**JONES v. ENGLISH.**

No. 12194.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1950.

Rehearing Denied Jan. 10, 1951.

King & Nesbitt, Corpus Christi, for appellant.

Lyman, Pittman & Schraub, Corpus Christi, for appellee.

**W. O. MURRAY, Chief Justice.**

This suit was instituted by Dudley Jones in the 94th District Court of Nueces County, Texas, against Mrs. Rudolph English, a feme sole, seeking specific performance of a written contract of sale of real estate, wherein plaintiff agreed to purchase and defendant agreed to convey, all of Lots 19, 20, 21, 22, 23 and 24, in Block 7, in the Patrick Webb Subdivision of Corpus Christi, Nueces County, Texas, together with all improvements thereon, excepting only a certain house situated on said premises being used as the Crawford Door Factory, for a consideration of $9,500 cash. The deal was to be completed on or before February 15, 1950.

On February 8, 1950, plaintiff was notified that Fred F. English and Elizabeth English Veselka owned an undivided interest in this property. On February 14, 1950, he was notified by defendant that inasmuch as her children, Fred F. English and Mrs. Veselka, would not join her in any conveyance of the property, the sale could not be consummated. On February 20, 1950, plaintiff instituted this suit seeking specific performance of the contract insofar as defendant was able to consummate the same, alleging that he was informed that Mrs. Rudolph English owned a two-thirds undivided interest in the property, and that she be required to convey this undivided interest, and alleging further that, in any event, defendant be required to convey whatever interest the court might find from the evidence she owned.

On May 29, 1950, defendant filed a plea in abatement alleging that Fred F. English, Elizabeth English Veselka and her husband, Adolph J. Veselka, owned an undivided interest in the property, and that Edwin Motal, a surviving natural son of her husband, Rudolph English, may own an undivided interest in the property, and that certain other persons are tenants under written leases of certain portions of the property, naming such tenants, and alleging that each and all of the above mentioned persons are necessary parties to this suit and should be joined as parties defendant. Defendant prayed that the suit be abated until such proper and necessary parties are before the court.

On June 9, 1950, Fred F. English and Elizabeth English Veselka, joined pro forma by her husband, Adolph J. Veselka, intervened in the suit by filing their plea in abatement, alleging that Fred F. English and Elizabeth English Veselka were two of the four surviving children of Rudolph English and that the other two surviving children were William English and Edwin Motal; that the property concerned was subject to indebtedness, deeds of trust and vendor's liens owed by Rudolph English at the time of his death on June 19, 1934, and was occupied by Rudolph English and defendant as a homestead; that Rudolph English left surviving him a wife, Mrs. Rudolph English and four children; that said Rudolph English died intestate, and that therefore each and all of said children have and own an interest in the concerned property; that Mrs. Rudolph English still occupies the property as her homestead; that said children are all necessary parties to this suit as well as the tenants who have same leased, naming them as necessary parties, and asking that the suit be abated until such parties be brought in as parties defendant.

Plaintiff moved to dismiss the plea of intervention and the plea in abatement of the interveners, which motion was overruled by the trial court.

The court apparently heard no evidence upon these pleas in abatement but considered them upon their faces. The pleas in abatement were overruled as to the alleged tenants but were sustained as to Edwin Motal and William English. Plaintiff refused to make new parties and thereupon the trial court dismissed his cause of action, from which judgment of dismissal Dudley Jones has prosecuted this appeal.

This appeal presents the question as to whether these joint tenants of Mrs. Rudolph English were necessary and indispensable parties to this suit for specific performance of this sales contract between Dudley Jones and Mrs. Rudolph English.

■ It will be borne in mind that appellant is not seeking to require Mrs. English

to convey the entire property, but only such undivided interest as the court may find from the evidence she owns, at the same time asking that the total consideration be abated in proportion. Appellee did not allege or attempt to show by evidence that there was any controversy as between the joint tenants as to the undivided interest owned by each. Under such circumstances the subject matter of the suit is the undivided interest owned by Mrs. Rudolph English and the only necessary and indispensable parties are the two parties to the contract, Jones and Mrs. English. 32 Tex.Jur. §§ 8, 9, 10, pp. 12 to 16, § 12, p. 21, and § 15, p. 23; 38 Tex.Jur. § 72, p. 754; 49 Am.Jur. p. 179; Stephen v. Beall, 22 Wall. 329, 22 L.Ed. 786; Municipal Gas Co. v. Lone Star Gas Co., Tex.Civ.App., 259 S.W. 684, 691, affirmed, 117 Tex. 331, 3 S.W.2d 790, 58 A. L.R. 797; Saulsbury v. Anderson, Tex.Civ. App., 39 S.W.2d 142.

█ A necessary and indispensable party has been defined as a person who has an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847.

Here the interveners and alleged indispensable parties do not have any interest in the undivided interest in the property held by Mrs. Rudolph English, and a decree ordering specific performance of her contract to convey this interest can be entered without in any way affecting the undivided interest in the property held by the other joint tenants, and such a decree would be in no way inconsistent with equity and good conscience.

█ The court did not err in overruling appellant's motion to dismiss the intervention, because interveners were not improper parties to this suit and, under the provisions of Rules 1, 40, 41, 97 and 174, T.R.C.P., the trial court is allowed broad discretion in permitting additional parties to be brought in or in permitting such parties to intervene and especially where it can be done without unreasonably delaying the trial of the cause. Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847.

█ Appellee by a cross-assignment of error has presented the contention that the trial court erred in overruling the pleas in abatement insofar as they related to the bringing in of the tenants who held leases upon the property involved herein. We overrule this contention. Appellant was willing to accept the property subject to any and all outstanding leases and it was not necessary in this suit to bring in these lessees.

The judgment sustaining the pleas in abatement and dismissing the suit is reversed and the cause remanded.

Reversed and remanded.