Sol D. DENNIS et al., Appellants,

v.

ROYAL PETROLEUM CORPORATION et al., Appellees.

No. 7134.

Court of Civil Appeals of Texas.

Texarkana.

June 23, 1959.

Rehearing Denied Aug. 4, 1959.

Lawrence & Lawrence, Tyler, for appellants.

Storey, Armstrong & Steger, Dallas, Sadler & Stilwell, Palestine, for appellees.

CHADICK, Chief Justice.

The appellants, Sol D. Dennis and wife, and J. H. Donald, brought this trespass to try title suit against Royal Petroleum Corporation, a Texas corporation, Humble Oil & Refining Company, a Texas corporation, R. G. Storey, Harold B. Sanders, Knox W. Sherrill, E. Taylor Armstrong, Ivy Rabinowitz, individually and as independent executrix of the estate of Myer Alexander Rabinowitz, deceased, and as trustee of the Stanley Rabinowitz Trust, the Patsy Rabinowitz Nasher Trust, the Judith Rabinowitz Trust and the Sandra Rabinowitz Trust, the appellees, in an effort to secure title and possession of the mineral leasehold estate in the land hereafter mentioned. Judgment was entered in the trial court dismissing the action for want of necessary parties. The judgment of the trial court is reversed.

Preliminary to trial on the merits the appellees presented a plea in abatement alleging the want of necessary parties which the trial judge overruled. Thereafter, following the completion of the introduction of evidence by all parties and after each had rested and submitted the questions of law and fact made by the pleadings and evidence for determination by the trial judge, the court dismissed the suit for want of necessary parties after allowing appellants

an opportunity to make parties which was refused; and this appeal is from the judgment of dismissal.

In the course of the trial evidence was offered that Sol D. Dennis and wife, Alma Dennis, on June 7, 1928, executed and delivered an oil, gas and mineral lease to J. M. Wood upon two contiguous tracts of land (one of approximately 62½ and the other tract approximately 7 acres) in Rusk County. By mesne conveyances the leasehold estate therein created vested in Royal Petroleum Corporation and the other appellees, except Humble Oil & Refining Company which is shown to be the holder of a reserved oil payment created in a mesne conveyance. On September 21, 1957, Sol D. Dennis and Alma Dennis executed and delivered a second or "top" oil, gas and mineral lease to Charles R. Stubblefield which was assigned to J. H. Donald, the other appellant here.

Appellants' basis for recovery is the contention that the lease of June 7, 1928, had terminated in accordance with its provisions upon cessation of production of oil and gas in commercial quantities. Such mineral lease contained language reading as follows:

"Subject to the other provision herein contained, this lease shall be for a term of 10 years from this date (called primary term) and as long thereafter as oil, gas or other minerals are produced from said land hereunder."

The parties whose absence from the proceeding precipitated the dismissal of the suit were certain persons in whom term royalty, undivided mineral and fee estates had vested by reason of conveyances from appellants Dennis and wife or judgments they suffered to be taken against them. The instruments conveying term royalty had provisions somewhat similar to that noticed in the mineral lease, each stipulating that in event of non-paying production from the land on September 24, 1950, and for six months thereafter, the grant should become null and void and the minerals revert to the grantor, but if at such date there was paying production, the grant should remain in force until production ceased. The following list of the Dennis and wife grants involved is copied from appellees' brief:

"(1) Term royalty deed to W. H. Bode, dated September 24, 1930, conveying an undivided ¼ of ⅛ royalty interest in both tracts of land. This conveyance contained the following clause:

"It is further agreed and herein stipulated that in case there is no paying production on said land on September 24, 1950, and for six months thereafter that this grant shall become null and void, and the minerals hereby shall revert to the said Grantor, his heirs and assigns, but should there be such production, then and in that event this grant shall remain in full force and effect until such production ceases, after which this instrument shall become null and void."

"(2) Term royalty deed to Joe A. Sanders, dated September 24, 1930, conveying an undivided ¼ of the ⅛ royalty interest in both tracts of land. The form of this conveyance is identical to the conveyance to Bode ((1) above) and contains the same clause as quoted above.

"(3) Mineral deed to E. B. McDavid, dated April 8, 1930, conveying an undivided ½ mineral interest in the 7-acre (6.9-acre) tract.

"(4) Warranty deed to Katie Roberson and Ada Jones dated February 17, 1933, conveying an undivided ¼ interest in the 62½-acre and 7-acre tracts.

"(5) Warranty deed to Katie Roberson and Ada Jones dated February 24, 1933, conveying 17.37 acres off the West End of the 69½ acres comprised of the 62½ and 7-acre tracts.

"(6) Judgment dated May 10, 1938, rendered by the District Court of Rusk County, Texas, against S. D. Dennis and wife, Alma Dennis, in Cause No. 13640. This judgment awards Katie Roberson 8.68 acres of the 17.37 acres described in the deed from Dennis to Roberson and Jones dated February 24, 1933. Plaintiff H. J. Phillips under such judgment recovered a ¼ interest in the 62½ and 7-acre tracts of land."

Appellants brief the single point of error that the trial court erred in dismissing the cause of action for want of necessary and indispensable parties. In the discussion that follows, the word "necessary" is used in relation to party or parties in the sense of "indispensable."

The mineral lease of June 7, 1928, conveyed a leasehold estate conditioned upon several contingencies, such as payment of rentals, discovery of oil and gas, and finally, after a 10-year primary term, its existence is limited and dependent upon production of oil and gas in paying quantities. It is tacitly agreed by the parties that cessation of production after the primary term terminates the lease and the appellants would have the right of possession as against the appellees, holders of the leasehold estate created by the lease of June 7, 1928, to the extent that such right remains after the grants and divestitures mentioned.

▇ The form of action filed was statutory trespass to try title. An action for cancellation or rescission of an instrument is not pleaded in apt language. In Johnson v. Montgomery, Tex.Civ.App., 31 S.W.2d 160, wr. ref., it is said that an action in trespass to try title to declare terminated a mineral lease which expires by its own terms upon cessation of production of oil or gas and to recover title and possession of land subject to it is not a suit for cancellation though its effect is the same.

▇ On the basis of the authorities hereinafter cited and the reasoning expressed in them, the royalty, mineral and fee co-tenants of Dennis and wife are not necessary parties to the litigation and this case should not have been dismissed in the trial court. The absent parties are not necessary insofar as this is a trespass to try title action. See Rule 784, Vernon's Annotated Texas Rules of Civil Procedure; Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777. However, pleading the case as a trespass to try title action does not dispose of the legal question presented. The question turns upon the effect of the mineral lease of June 7, 1928, and the privity of the absent parties to it. The rule of necessary parties as applied to contracts and agreements is stated in 1 McDonald's Civil Practice, Sec. 3.24, p. 242:

"All whose rights, interest, or relations will necessarily be affected by a judgment on the merits are indispensable when the action seeks to alter the legal rights and obligations resulting from a contract or other agreement * * *".

Applying the rule set out here and the reasoning of the cases later to be cited, it is seen that the question of whether the absent parties are necessary is dependent upon whether the rights of the absent parties were created by the mineral lease of June 7, 1928, and whether enjoyment thereof is dependent upon the lease's existence.

It is thought that the fee interest, mineral rights and royalties which are vested in absent parties and which they are entitled to enjoy, do not depend upon the lease of June 7, 1928, but were created by the various grants heretofore noticed and exist independent of the lease. Unquestionably this last statement is correct as to the fee and mineral interests adjudged or conveyed and it is thought equally so to the royalty conveyances. The royalty deeds besides making a grant of royalty also made provision for future leases; both contained identical provisions reading:

"It is further agreed that Grantee shall have no interest ＿n any bonus money received by the Grantor in any

future lease or leases given on said land, and that it shall be necessary for the grantees to join in any such lease or leases so made; that Grantee shall receive under such lease or leases one-thirty second part of all oil, gas and other minerals taken and saved under any such lease or leases and he shall receive the same out of the royalty provided for in such lease or leases, but *b*rantee shall have ¼ part in the annual rentals paid to keep such lease or leases in force until drilling is begun."

Thus each of the royalty deeds while stipulating that the land described in them was covered by an existing mineral lease (the existing lease was that of June 7, 1928), conveyed royalty reserved to the grantors in such existing lease; and fixed the rights of the parties as to future lease or leases in contemplation of the termination of the existing lease.

■ For clarification, it should be borne in mind that under this record Dennis and wife, the grantees, were on June 7, 1928, vested with fee-simple title to the land involved. In making the mineral lease of June 7, 1928, they granted less than a fee-simple estate. The leasehold estate granted was carved out of the fee-simple estate. The royalty (and such minerals, if any, as the appellees contend the royalty deed passed) was vested in Dennis and wife prior to the June 7, 1928, lease as a part of the fee-simple estate. When the subsequent royalty or mineral estates were conveyed, such estates likewise were carved out of the remainder of the fee-simple estate that had never passed from them. The reference to the royalty reserved in the June 7, 1928, lease in the royalty deeds is descriptive; the royalty deed does not purport to assign an interest created by the lease. Failure to produce under the lease of June 7, 1928, does not extinguish or affect any right of the royalty deed grantees.

■ To repeat, the interest of the absent royalty owners was neither created by nor dependent upon the mineral lease. The interest or estate conveyed in the royalty deeds exists independent and apart from the mineral lease in existence at the time such interests or estates were conveyed. Such was not the case in Belt v. Texas Co., Tex.Civ.App., 175 S.W.2d 622, 625, wr. ref., wherein it was held that royalty owners under a unitized lease were necessary parties because all of the lessors in the various instruments and leases pertaining to the unitized block were granted interests in the form of royalties in each of the several separate ownership tracts in the unitized block. In discussing that case the court said:

"The evidence showed that the interest held by The Texas Company was conveyed to it by the oil and gas lease; and the same evidence, together with the oil and gas lease itself, showed that the thirty-nine absent parties named in the motion and the twenty-seven others held interests identical in nature with that held by The Texas Company and created by the same instrument. The interests held by them are not such as those held by lessors in the ordinary oil and gas lease. *The absent parties own their interests in the oil and gas that may be produced from the tracts involved in this suit by virtue only of the provisions of the oil and gas lease which require the development and production of the oil and gas.* If The Texas Company or its assigns do not produce oil or gas from the land under the lease, the absent parties, in effect, are deprived of any interest they may own in the land. If the lease held by The Texas Company should be destroyed and a judgment entered freeing the land from that lease, the interests of the absent royalty owners in the land involved in the suit would be entirely cut off and destroyed. We think, therefore, they are essential and necessary parties to the suit." (Emphasis added.)

In Magnolia Petroleum Co. v. Storm, Tex.Civ.App., 239 S.W.2d 437, wr. ref., n. r. e., it was held that non-participating royalty owners are not necessary parties to a trespass to try title action in which it was sought to terminate a lease for want of production. This case is considered authoritative, as on the basis of the facts disclosed by the opinion it was necessary for the Supreme Court to approve this legal proposition in denying a writ of error. In Short v. W. T. Carter & Brother, Com. App., 133 Tex. 202, 126 S.W.2d 953, opinion adopted, it was held that the State of Texas is not a necessary party to a suit involving title to the leasehold estate granted by the State. This same conclusion was reached in Petroleum Producers Co. v. Reed, Com. App., 135 Tex. 386, 144 S.W.2d 540, opinion adopted.

■ Thus it seems now settled by these last three cited cases, Magnolia Petroleum Co. v. Storm, supra, Short v. W. T. Carter & Brother, supra, and Petroleum Producers Co. v. Reed, supra, that a non-participating royalty owner and the owner of royalty reserved under the terms of a mineral lease are not necessary parties to a suit involving title and possession of the leasehold estate. It has long been settled that tenants in common are not necessary parties. See Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705; Carley v. Parton, 75 Tex. 98, 12 S.W. 950.

Colquitt v. Gulf Production Co., Tex. Com.App., 52 S.W.2d 235, apparently is not in harmony with what is here said. The opinion in the Colquitt case was not adopted by the Supreme Court and is not regarded as authoritative upon the point under discussion as decision upon the point was not necessary in the disposition made of the appeal.

■ Appellees contend that the judgment of the trial court should be affirmed because the appellants have not shown a title to the estate involved sufficient to support an action in trespass to try title. Vitality of the mineral lease of June 7, 1928, hinges upon the production of oil and gas in paying quantities. The Dennises by such mineral lease granted a less than fee-simple estate, and coupled with the grant a provision that the lease terminate upon cessation of production. The conveyance contains within itself the element of its dissolution. The leasehold estate is one upon conditional limitation, a determinable fee (see Johnson v. Montgomery, supra), and it is said an estate so limited returns spontaneously to the grantor at fulfillment of the term (cessation of production) see Wagner v. Wallowa County, 76 Or. 453, 148 P. 1140, L.R.A.1916F, 303; 19 Am.Jur. p. 531, and cases listed under Note 19. However, if the leasehold estate created by the lease of June 7, 1928, may be said to be defeasible only upon a condition subsequent and that re-entry by the grantor is required, a suit in trespass to try title constitutes such re-entry and is an appropriate action to recover possession. See Covenants & Conditions, 12 Tex.Jur. 136, Sec. 89. If the trial court finds from the facts in evidence and a proper construction of the instruments before it that the appellants are not entitled to recover, a take-nothing judgment will be appropriate rather than a dismissal.

Having reached the conclusion that appellants' point of error should be sustained, it becomes necessary to reverse and remand the case to the court below for entry of judgment in accordance with the pleading and evidence.

Reversed and remanded with instructions.