ROYAL PETROLEUM CORPORATION ET AL V. SOL D. DENNIS ET AL.

No. A-7529. Decided February 17, 1960.
(332 S.W. 2d Series 312)

*Storey, Armstrong & Steger,* and *John K. DeLay, Jr.,* all of Dallas, *Sadler & Stillwell,* of Palestine, and *K. C. Minter,* of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the question of whether the absent parties are necessary is depended upon whether the rights of the absent parties were created by the mineral lease of June 7, 1928, and in failing to hold that since the interest of the absent parties would necessarily be affected by a judgment for respondents such absent parties are necessary parties. Shields v. Barrow, 17 How. (U.S.) 130; Belt v. Texas Co., 175 S.W. 2d 622; Frost v. Stanolind Oil and Gas Co., 307 S.W. 2d 136, writ of error refused.

*Lawrence & Lawrence* and *Lee Lawrence,* of Tyler for respondents.

On the point that interest of the absent royalty owners would

not necessarily be affected by a judgment in this case, they are not therefore necessary parties, cited Garcia v. King, 139 Texas 578, 164 S.W. 2d 509; Haines v. McLean, 154 Texas 272, 276 S.W. 2d 777; Crawford v. Thomas, 229 S.W. 2d 80.

MR. JUSTICE CULVER delivered the opinion of the Court.

The sole question presented here is whether or not certain term royalty owners, as well as others who own mineral interests in the land, are necessary parties to a suit brought by the lessor of an oil and gas lease in trespass to try title against the lessee. Actually the suit is one to have adjudicated the fact issue as claimed by lessor that the lease had terminated for cessation of production of oil and gas in paying quantities. The trial court sustained petitioners' plea in abatement on the ground of lack of necessary parties and dismissed the cause. The Court of Civil Appeals has reversed and remanded for trial. 326 S.W. 2d 538. We are of the opinion that under the circumstances in this case the trial court's action in sustaining the plea was correct.

The respondents, Sol D. Dennis and wife, on June 7, 1928, executed an oil and gas lease on two adjoining tracts of land, being 62½ and 7 acres, respectively. The lease was for a term of 10 years and as long thereafter as oil, gas or other minerals were produced from said land. Thereafter the title to the leasehold estate vested in Royal Petroleum Corporation and the other petitioners.

Subsequent to the execution of the lease the respondents conveyed an undivided ¼th of the 1/8th royalty in both tracts to W. H. Bode and on the same date conveyed a like interest to Joe A. Sanders, condition that if there were no paying production on the land on September 24, 1950, and for six months thereafter the conveyances should become null and void, otherwise they should remain in full force and effect as long as production continued.

The following conveyances from respondents are also shown:

(1) mineral deed to E. B. McDavid conveying an undivided ½ mineral interest in the 7-acre tract; (2) warranty deed to Katie Roberson and Ada Jones conveying an undivided ¼ interest in both tracts; (3) warranty deed to Katie Roberson and Ada Jones conveying 17.37 acres off the west end of the two tracts; (4) a judgment awarding to Katie Roberson the north 8.68 acres out of the 17.37 acres and to H. J. Phillips Vann an undivided

¼ interest in both the 62½ and 7-acre tracts; (5) a deed from George Brown and Hickey Brown (children of Ada Jones) quitclaiming all of their title in the 17.37 acres to Dennis and wife. On September 21, 1957, Dennis and wife executed a lease on both tracts now assigned to one Donald, who is also a respondent-plaintiff.

**1** Necessary parties to a suit are those who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment rendered therein. Veal v. Thomason, 138 Texas 341, 159 S.W. 2d 472; Cook v. Pollard, 70 Texas 723, 8 S.W. 512.

**2** The term "necessary parties" has also been defined as "persons who have such an interest in the controversy that a final judgment or decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final adjudication may be wholly inconsistent with equity and good conscience." 67 C.J.S., Parties, Sec. 1, p. 890. This definition has also been accepted and applied in this jurisdiction. Fischer v. Rio Tire Co., 65 S.W. 2d 751 (Com. App.); Simmons v. Wilson (Civ. App.), 216 S.W. 2d 847; Jones v. English, (Civ. App.), 235 S.W. 2d 238, wr. dism.

**3** In concluding that these royalty owners, Bode and Sanders, were not necessary parties, the Court of Civil Appeals relies principally upon Magnolia Petroleum Co. v. Storm, (Civ. App.) 239 S.W. 2d 437, wr. ref. n.r.e. While there the Court declared that the nonparticipating royalty owners were not necessary parties to a suit instituted for the purpose of securing a judicial ascertainment that the lease had terminated, the interest of those royalty owners were not dependent upon, limited or terminated by failure to obtain production or by cessation of production. As pointed out their right to royalty payments depended upon production, when, and if produced. They were not otherwise concerned with the making of a lease nor the continuation thereof, while in our case the royalty interests are dependent upon continued production. We therefore think the holding does not control here.

In Short v. W. T. Carter & Brother, 133 Texas 202, 126 S.W. 2d 953, 962, although the State of Texas was not a necessary party, that case did not squarely involve title to a leasehold estate. The Court said that: "The primary purpose of this suit is to restrain the Land Commissioner in the performance of the duty and the exercising of the authority imposed and conferred upon

him by statute for the purpose of making disposition of the State's school land." Accordingly, it was held that a suit of this nature was in effect one against the State which could not be maintained. The other count in the plaintiff's suit was to restrain the defendants from further prosecuting their application to the Commissioner. The injunction could not lie because the question as to whether the application should be granted should first be determined by the Land Commissioner and not by the Court.

Closer to the point and lending more support to respondents' position, is the decision in Petroleum Producers Co. et al v. Reed et al., 135 Texas 386, 144 S.W. 2d 540. It was there held that the State was not a necessary party in a suit to determine the ownership of an oil and gas lease executed by the State to the defendants. As pointed out in the Court of Civil Appeals' opinion (reversed)[1] "The real purpose of the suit at bar was to secure a judgment of a court of competent jurisdiction to declare that there was no vacancy lying between Survey 62, on the one hand, and Surveys 114 and 78, on the other hand * * * ."

Under such circumstances we are of the opinion that the State would have been a necessary party but for the fact that it could not be joined in the litigation without its consent and the dispute then could not have been determined between the parties. Possibly that fact had some influence upon the holding. It might be said that the decision in Short v. Carter offers rather dubious support for the conclusion reached in Producers v. Reed. At any rate we are unwilling to apply it to the facts before us in the instant case.

The Court of Civil Appeals makes the distinction, namely, that if these royalty interests depend upon the lease executed by respondents then the royalty owners would be necssary parties to this suit seeking to establish a termination of that lease, but that since the term royalties, as said by the Court "were created by the various grants heretofore noticed and exist independent of the lease" the royalty owners would not come within the rule of necessary parties. Belt v. Texas Co., (Civ. App.), 175 S.W. 2d 622, wr. ref.

The primary term of the lease extended to June 4, 1938, while the unconditional term of the royalty grants extended until six months after September 24, 1950. The record does not disclose when it is claimed that production ceased so as to terminate the

---

1.—Petroleum Producers Co. et al v. Reed, 122 S.W. 2d 1116.

lease, but that would seem to be immaterial so far as the result of this suit in its effect upon the outstanding royalty interest is concerned. If it were found as a fact in this cause that production had ceased and the lease, therefore, had terminated, theoretically that judgment would not be binding upon the royalty owners who were not made parties. But their rights would be determined for all practical purposes. Even theoretically the term of these royalties would end, for that judgment would oust . the petitioners, entitle the respondents to possession of the premises and production would then quite likely cease without dispute. At least the matter would be entirely within the control of respondents.

In considering the effect of a judgment upon the absent royalty owners, for illustration let us turn this case around. Assume that respondents had only sued these term royalty owners and had satisfactorily proven cessation of production subsequent to March 24, 1951, that judgment would not have ousted the lessees from their possession nor prevented their continued operations. If subsequently sued by the respondents thy could have tried out the fact issue and possibly obtained a finding in their favor. While this course would also be available to the term royalty owners, it would avail them little if production had ceased beyond question after judgment rendered in favor of respondents and against the lessees in the present case. As pointed out above re-entry by the respondents and the resultant dispossession of petitioners would in all probability render moot the question as to whether production had ceased prior to the enforced withdrawal of the lessees.

In Veal v. Thomason, supra, the Court gave as a reason for holding that the royalty owners under other leases in a unitized block were necessary parties that otherwise for all practical purposes their rights would be cut off and destroyed without having their day in court. The facts in this case meet that test, so far as the rights of these term royalty owners are concerned.

In Shell Oil Co. v. Howth, 138 Texas 357, 159 S.W. 2d 483, those to whom the lessor had conveyed a portion of his royalty interest were held to be necessary parties in the action by the lessor to cancel the original lease. So far as the practical effects are concerned as bearing on the question of necessary parties, we can see little distinction to be made between an action to cancel and one to determine that a lease had lapsed and reverted on account of cessation of production. See also Sharpe v. Landowners Oil Ass'n., 127 Texas 147, 92 S.W. 2d 435.

The respondents urge the decisions in Haines v. McLean, 154 Texas 272, 276 S.W. 777, and Crawford v. Thomas, (Civ. App.), 229 S.W. 2d 80, wr. ref., as standing for the proposition that the royalty owners have no legal interest in this suit and to require them to be joined would be in the "teeth" of Rule 484. But as pointed out by the Court of Civil Appeals, the rule laid down in those cases does not solve the question here. Ordinarily in a trespass to try title action judgment would only incidentally, if at all, affect the claim of title of some absent party and his joinder would not be necessary even though the decision might be persuasive on some question of law affecting the third party's right to recover. Here the right of respondents to title and possession is based on the cessation of production and a judgment rendered on a fact finding favorable to respondents would, as we have said, for all practical purposes effect a termination of these royalty interests even though their terms were not coterminous with that of the lease.

The strict rule of res judicata is not to be applied in such a situation as this. We are not to be understood as holding that the joinder of these absent royalty owners is so essential that otherwise the trial court would be deprived of jurisdiction to pass upon the merits of this controversy between lessors and lessees, but they are necessary in order to accord these absent parties, whose rights will be directly and possibly adversely affected by the decree, their opportunity to be heard. To be consistent with equity and good conscience they should be joined.

4. Their number does not appear to be so abundant as to be burdensome and expensive but if so a class action is available to respondents should they determine to proceed in this cause. Rule 42, Texas Rules of Civil Procedure; Hicks v. Southwestern Settlement & Development Corporation, (Civ. App.), 188 S.W. 2d 915, wr. dism. w.m.

The source of our Rule 39 "Necessary Joinder of Parties," is the Federal Rule 39, [28 U.S.C.A.] on the same subject. Under Federal practice the term "necessary parties" does not imply that they are essential or indispensable to jurisdiction. Federal Practice and Procedure, Barron and Holtzoff, Rules Edition, Section 511. It is said that one is a necessary party whose interest in the subject matter of the suit and the relief sought are so closely bound up with that of the other parties that his interest would be directly affected by the decree, and the fact that the decree would not be technically binding on the absent party, is not the controlling factor. Keegan v. Humble Oil &

Refining Co., 155 F. 2d 971. It is generally true that in matters of joinder and misjoinder of parties, the trial courts have a broad discretion. In the situation presently presented where the question is close and admits of some doubt, we see no valid reason why this general rule should not apply in the interest of a prompt disposition of interlocutory questions.

So far as the holders of the mineral interests in fee are concerned, we approve the Court of Civil Appeals' holding to the effect that they are not necessary parties. While there is considerable uncertainty so far as the exact quantum of title held by respondents is converned, in view of the deeds and judgments appearing of record, they do appear, at least, to have succeeded to the ownership of title formerly vested in Ada Jones and have the right to maintain this suit without joinder of their cotenants. Mitchell v. Mitchell, 80 Texas 101, 15 S.W. 705; Carley v. Parton, 75 Texas 98, 12 S.W. 950. It is apparent, however, that a joinder of those cotenants in this suit and a determination of the respective interests owned by each, might prevent subsequent litigation, particularly in view of the fact that respondents have now executed a second oil and gas lease on all of the property.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered February 17, 1960.