Arturo OLIVAS et al., Appellants,

v.

Raymundo ZAMBRANO, Appellee.

No. 6506.

Court of Civil Appeals of Texas, El Paso.

Oct. 27, 1976.

Long & Koehler, Ward L. Koehler, El Paso, for appellants.

Niland & Niland, Jack T. Niland, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a suit for title and possession of certain real estate brought by the remaindermen of the grantee against one who holds under the grantor. Based on a jury verdict, the trial Court entered judgment for the defendant. We affirm.

This suit arises from a deed executed February 18, 1922, by Esteban Zambrano to his sister, Elisa Olivas, conveying the four lots involved. The case has twice been before this Court, once when we reversed it because the judgment was interlocutory in nature and not appealable, *Zambrano v. Olivas,* 477 S.W.2d 299 (Tex.Civ.App.—El Paso 1972, no writ); then, in 1973, it was before the Court on a summary judgment and was reversed because of the existence of a fact issue, 490 S.W.2d 218 (Tex.Civ. App.—El Paso 1973, writ ref'd n.r.e.). The reader is referred to that case for a full statement of the facts and the nature of the case.

The deed from Esteban Zambrano to Olivas recited that it was for and in consideration of the promise and agreement of Olivas to supply the residents of the Sambrano Suburb with water for domestic purposes and to keep the water repair system in repair, and furnish water to the residents for a reasonable charge for a period of three years. The grant was to Olivas for her lifetime and to her children who survive her. The surviving children are the plaintiffs in this suit. They brought this suit after the death of Olivas in 1969. As indicated, the deed from Esteban to Olivas was dated February 28, 1922. Thereafter, on

September 5, 1923, Olivas conveyed the property to a brother, Victor Zambrano, and on August 25, 1924, Victor conveyed the property to Esteban. In 1933, Esteban conveyed the property back to Victor, and then Victor, by his will, left the property to Esteban on his death in 1934. Following Esteban's death in 1937, the Administrator of his Estate brought suit in trespass to try title against Olivas, and title was found to be in Esteban. This Court affirmed that judgment, 117 S.W.2d 482 (Tex.Civ.App.— El Paso 1938, no writ). It is the Appellants' position that they are entitled to title and possession to the four lots as remaindermen under the deed from Esteban to Olivas; that there was no forfeiture or breach of the conditions subsequent in that deed; and that there has never been a reentry by the grantor.

Two issues were submitted to the jury, and they found (1) that Olivas did fail to supply water and maintain the water works, and (2) that Esteban cancelled the deed because of such failure. There is ample evidence as to the condition of the water system under Olivas to support the jury finding that she failed to maintain it and supply water, as required by the deed; considering only the evidence favorable to the finding and disregarding all inferences to the contrary, there is some evidence of her failure to comply; considering all of the evidence, the finding is not against the great weight and preponderance thereof.

On the question of whether there was a cancellation of the deed by Esteban or a reentry, there is testimony of a son of Esteban that his father took the property back: " * * * he took the property back," and he took it back in the "name of Victor." Under the circumstances in which this testimony was offered, we hold that it was admissible. The related testimony was that it was a fact well known in the family that he took it back. This ancient fact well known in the family was evidence of the circumstances under which that deed was received; it was not a fact to prove title in itself, because title is there by the deed, but to prove the circumstances surrounding

that deed. Such evidence under such circumstances was held admissible in *Chapman v. Kellogg,* 252 S.W. 151 (Tex.Comm. App.1923, judgmt. adopted, holding approved).

If we be wrong in the admissibility of the above evidence, the judgment must still be affirmed because the matter of reentry is otherwise established.

The obligation of Olivas under the deed from Esteban was to maintain the water works for a period of three years. However, before that three years was passed, title was back in the grantor, Esteban. He was the grantor who created the condition, and he was the holder of the right to forfeit. When Esteban took the deed from Victor in August of 1924, he became the owner of such rights as he had originally granted to Olivas and such rights as he retained under the condition, and there was a merger of the two estates in him. Where a greater estate and a lesser estate are acquired by the same person, the lesser is absorbed by the greater and the estates become merged. 22 Tex.Jur.2d, Estates, Sec. 15, and authorities there cited. Merger cannot destroy a vested remainder, but this occurred before the three years were up and before the obligation had been completed so that there was no vesting.

No estate ever vested in these Appellants, for they were contingent remaindermen. Their rights were contingent on the performance of the conditions subsequent in the deed from Esteban to Olivas; the estate could be defeated by the failure of Olivas to perform. Since she failed to perform for the period of three years, and there was a reentry, the judgment of the trial Court is correct. As to the nature and characteristics of a contingent remainder, see 28 Am.Jur.2d, Sec. 220, and 22 Tex. Jur.2d, Estates, Sec. 6.

A suit to recover the land is also held to be a reentry. 15 Tex.Jur.2d, Covenants, Sec. 103; *Dennis v. Royal Petroleum Corporation,* 326 S.W.2d 538 (Tex.Civ.App. —Texarkana 1959), rev'd on other grounds, 160 Tex. 392, 332 S.W.2d 313 (1960), and

*Connecticut General Life Ins. Co. v. Bryson,* 148 Tex. 86, 219 S.W.2d 799 (1949). There was, then, a reentry when Olivas was sued in trespass to try title by the Administrator of the estate of Esteban; reentry was established then as a matter of law in the case before us. In the Connecticut General Life Insurance case, it was held that the suit against the life tenant constituted a reentry and terminated all the rights of the remaindermen, even though they were not parties to the suit.

In the suit by the Administrator of the estate of Esteban against Olivas, it was found that record title was in Esteban, even though Olivas had pled in that suit the defense that she had performed the conditions subsequent in her deed. It was also held in that suit, and found by the jury, that Esteban had title by adverse possession under the ten-year statute of limitations. The finding of title under the ten-year statute of limitations means that his title was held adverse to the world, including these remaindermen. The judgment was that he had fee simple title. That judgment stands to this day and is good.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.