## DE GRAZIER v. PANELL OIL CORPORATION et al.

### No. 5148.

Court of Civil Appeals of Texas. Texarkana.

Oct. 14, 1937.

Rehearing Denied Oct. 21, 1937.

John T. Gano and Slay & Simon, all of Fort Worth, and P. G. McElwee, of Houston, for appellant.

Bramlette & Levy and Richard B. Levy, all of Longview, P. O. Beard, of Marshall, Hatchell & Campbell and Carl W. Wade, all of Longview, Greenwood, Moody & Robertson, of Austin, Clyde H. Hall,

Saye & Saye, and H. P. Smead, all of Longview, Blalock, Blalock, Lohman & Blalock, of Houston, Edwin H. Yeiser, of Austin, Calhoun & Marcus, of Beaumont, C. L. Morgan, of Fort Worth, and Loftin V. Witcher, of Shreveport, La., for appellees.

HALL, Justice.

■ On March 26, 1935, appellant brought this suit against appellees for title to and possession of the mineral estate in and under a tract of land in Gregg county, Texas, containing about fifteen acres of land belonging to the public school fund of the State of Texas. The appellees were assignees holding under the original lessees from the state. Appellant's amended petition upon which he went to trial first alleges a statutory action in trespass to try title, followed by numerous allegations by which he pleads his title to the leasehold estate in detail, and on this account we will take no further notice of his statutory action in trespass to try title. He alleges that on September 10, 1931, he filed his application with the county surveyor of Gregg county for a survey of the lands involved with the view of securing an oil and gas lease thereon from the state; that he renewed this application on November 9, 1931; that he did and performed all the acts required of him by law to entitle him to a preference lease on this land as unsurveyed school land. The field notes, he alleges, were filed with the county surveyor on March 27, 1932, and with the Land Commissioner on May 26, 1932. His excuse for delay in the filing of the field notes, he alleged, was the fact that the Sabine River, in the locality in which this land was situated, was overflowed from November, 1931, until March, 1932. He alleged that the Land Commissioner refused to approve the field notes and fix the minimum price for a lease on said land as unsurveyed school land; that the Land Commissioner has refused to act on his application "except to the extent of noting thereon his rejection thereof for the reason that there were four prior applications therefor; this plaintiff (appellant) alleges and shows that as to said four applications claimed to be prior to the application and rights of this plaintiff (appellant) that same and each of them were and are illegal and void and improperly made up and filed." That the applicants in these four prior applications have since abandoned their claims and have released and quitclaimed all their rights thereunder back to the state; that appellant is ready and willing to comply with all the conditions imposed by the act of 1931 relating to the leasing of unsurveyed public school lands. Appellant alleges further that the Land Commissioner executed on October 7, 1932, leases covering this same land, divided into twelve portions, to appellees' predecessors in title on field notes filed on September 23, 1932, long after appellant's applications had been filed and field notes returned to the Land Office. That these last leases are void and of no effect, and that he has requested the Land Commissioner to cancel said leases, but he has failed and refused to do so.

Appellees answered by plea in abatement, general demurrer, and other defensive matters not necessary to note or mention.

On hearing, the trial court overruled the plea in abatement but sustained the general demurrer. The appellant refused to amend and the case was dismissed. Appellant brings the case here for review.

■ Appellant claims to be the discoverer of this tract of unsurveyed public school land, and this suit is based upon his preferred claim thereto under section 8, art. 5421c, Vernon's Ann.Civ.St., known as the 1931 Mineral Act. The nature of this appeal requires us to consider all the allegations of fact in appellant's amended petition as true. Then the question presents itself: Are the allegations of fact in appellant's amended petition, when taken as true, sufficient to support a judgment in his favor? The amended petition reveals that the State of Texas is not a party to this suit. This tract of land was leased by the State of Texas, acting by and through the Land Commissioner as its agent, to certain persons who are the assignors of appellees. The state has not parted with title to this land. It is the original lessor of the premises under an oil and gas lease with which it, presumably, is satisfied. The state has no opportunity in this case to declare its intention as to whether it will consider the leases as legal binding contracts or will aid in their cancellation. To afford appellant relief in this action it will be necessary to set aside and cancel these leases. In these circumstances, it occurs to us that the state being, as it is, one of the principal contracting parties to the leases sought to be

set aside, would not only be a necessary, but an indispensable, party to an action brought to cancel, change, or alter said leases. In Colquitt v. Gulf Production Co. (Tex.Com.App.) 52 S.W.(2d) 235, 238, it is said: "We also agree with the opinion of the Court of Civil Appeals that the rights of the Gulf Production Company as assignee, could not be injuriously affected in any suit to which the state is not a party, and that the state only has the right to question the validity of the lease · contract made through its agent, whereby the Gulf Production Company acquired, as assignee, the rights which it claims. So long as the contract is not cancelled at the suit of the state, it is apparently a valid one, and all the parties thereto having an interest in the subject-matter are bound thereby." In Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.(2d) 435, 436, opinion adopted by Supreme Court, it is said: "It is settled beyond all question in this state that in a suit to cancel a written instrument all persons whose rights, interests, or relations with or through the subject-matter of the suit will be affected by the cancellation are necessary parties. [Citing cases]. The absence of a necessary party in a suit for cancellation is *fundamental* and *jurisdictional* to such extent that it must · be considered by this court." (Italics ours.) It may be that the state is entirely satisfied with these lease contracts and the operations thereunder, and would seriously object to any interference therewith by a third party. Certainly it should have the opportunity to contest any suit having for its purpose the cancellation of, or interference with, any lease to which it is a principal party, and from which the state is now receiving revenue from producing oil wells.

We fully recognize that line of decisions which holds that a suit in trespass to try title may be maintained by a claimant asserting a superior legal or equitable right to land patented by the state to his adversary, without the necessity of making the state a party to said action. Dawson v. McLeary, 87 Tex. 524, 29 S.W. 1044. In such a situation the position of the state is similar to that of an individual who has parted with title to land and suit is instituted to try the title thereto against his vendee by a third party. Certainly the vendor in such circumstances would have no interest in the litigation respecting the title to land that he had already sold.

Appellant's amended petition reveals further that his applications to lease this land were rejected because there were four prior applications therefor, this fact being noted thereon by the Land Commissioner. Appellant bases his right to a preference lease on this land by virtue of his discovery of same as unsurveyed school land. The alleged action of the Land Commissioner thereon shows that four other persons had filed applications on this land ahead of appellant and on account of their priority appellant's applications were refused. The Land Commissioner's actions in this regard are presumed to be legal and correct. This being true, the applications of appellant, on the date the leases were granted to appellees' predecessors in title, were rejected and of no legal effect and could not be revived and given life by the withdrawal of the four applications or a transfer back to the state of all rights accruing under the four applications prior in time to those of appellant. Gracey v. Hendrix, 93 Tex. 26, 51 S.W. 846, and cases there cited; Knippa v. Brown (Tex.Civ.App.) 82 S.W. 658. It is true appellant alleges that the four prior applications "were and are illegal and void and improperly made up and filed"; but this allegation at most is but a conclusion of the pleader, and we cannot indulge the truth of such allegation. McGinty v. Texas Power & Light Co. (Tex.Civ.App.) 71 S.W.(2d) 354 (writ refused). So as we construe this allegation of fact, stripped of the quoted conclusions of the pleader, it affords ample legal justification for the action of the Land Commissioner in rejecting appellant's applications, and precludes any right to appellant under this allegation to disturb in any manner the lease contract under which appellees hold.

Appellant's amended petition further reflects that after his applications were rejected by the Land Commissioner he made no move in any court for a period of about two and a half years to test the legality of the action of the Land Commissioner in rejecting his applications to lease the land. Neither did he file a new application after the four prior applicants had quitclaimed their interest in the land back to the state. The amended petition of appellants also reflects that more than 120 days elapsed between filing his last application to lease the land and the filing of his field notes with the Land Commissioner; and that more than one year

elapsed between the date of granting the leases to appellees' predecessors in title and the date of filing this cause of action. We are inclined to the opinion that the amended petition in these respects is vulnerable to a general demurrer, but we do not rest our holding thereon.

For the reasons here indicated, we are of the opinion that the trial court did not commit error in sustaining a general demurrer to appellant's amended petition, and the judgment is in all things affirmed.