**McKAMEY v. AIKEN et al.**

No. 10324.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1938.

Rehearing Denied June 15, 1938.

Ward & Cameron, of Corpus Christi, for appellant.

H. S. Bonham, J. A. Wood, and M. W. Pitts, Jr., all of Corpus Christi, and William McCraw, H. Grady Chandler, Russell Rentfro, and Henry S. Moore, all of Austin, for appellees.

SLATTON, Justice.

T. A. McKamey instituted this action in the District Court of San Patricio County against A. D. Aiken and Wm. H. McDonald, Commissioner of the General Land Office of Texas.

It was averred that appellant is the owned in fee of a tract of land (describing it) situated in the county of suit. That Aiken unlawfully caused a survey of such land to be made by the County Surveyor and caused said survey, together with certain maps and plats thereof, to be filed for record in said county. That such action was under the pretension of the land being public free school land and with the view of obtaining a mineral lease upon the land. That an application was filed with the Commissioner of the General Land Office by Aiken during the year 1934, after the survey had been made. That Aiken during the year 1937 caused to be filed with the land commissioner another application for the purchase of minerals as public free school land in Juan Armendaris Survey, which land was included in that owned by appellant. That such acts were without lawful authority and constituted a cloud upon the title of appellant. That as a direct result of such action appellant was prevented from leasing his land for oil and gas purposes. The prayer was that the cloud be removed, etc.

Wm. H. McDonald answered that he was being sued in his official capacity and that the pleadings of appellant showed upon their face that a decree was sought removing the cloud cast upon the land in virtue of his official acts. That appellant was seeking to adjudicate the title asserted by the State of Texas to said land without alleging that the State of Texas had consented to be sued. Also alleging that appellant's pleadings showed upon their face that the suit was against the State. He prayed that the cause be dismissed for want of jurisdiction. McDonald answered further subject to such plea in the nature of a plea in abatement reiterating substantially the same averments as contained in his plea to the jurisdiction. Aiken answered, wherein appropriate, substantially the same as did McDonald.

The trial court sustained the pleas to the jurisdiction of McDonald and Aiken and dismissed the suit.

If the cause asserted by the appellant is one against the State, we need cite no authority to show, in the absence of an allegation of consent upon the part of the State, that the court had not jurisdiction to hear and determine the suit. 38 Tex. Jur. par. 35, p. 856, and authorities cited.

In the determination of whether an action is one against the State within the inhibited rule stated it is not necessary that the State appear upon the record as a party. If the State is the real party against which the relief is sought, the suit is one against the State, although nominally it appears upon the record against one of its officers. 38 Tex.Jur. par. 36, p. 857, and authorities there cited.

When we look to the trial pleading of appellant it appears that in 1934 a survey was caused to be made by Aiken of land under the pretension that such land was that of the Public Free School System. That the survey was made by the County Surveyor and maps and plats filed for record in the county wherein the land lies, and that Aiken has made two applications to lease or purchase the mineral interest in the land with the Land Commissioner. It appears that the land surveyed, mapped and platted is included in the (described) land claimed by the appellant. It also appears that the Land Commissioner has not acted upon the applications of Aiken and it is averred that the applications cannot be granted for the reason that appellant owns the land.

If the land is vacant, under the laws of Texas it belongs to the Public Free School Fund of the State and subject to sale or lease, as provided by Art. 5421c, R.C.S.1925, as amended in 1931, Vernon's Ann.Civ.St. art. 5421c. The legal title is in the State, subject to the rights of persons making valid applications under said Acts.

It is not alleged in the pleadings of appellant that any of the acts constituting the cloud sought to be removed were performed under the authority of an invalid or unconstitutional statute, but such acts are wrongful because the land belongs to appellant.

To determine whether appellant is entitled to have the cloud removed it will be necessary to ascertain if the land described by appellant and claimed by him, has been heretofore granted by the State of Texas, or if the boundaries of the land owned by the appellant are included within said grants. If within the boundaries of the land claimed by the appellant there is land not included within grants previously

made by the State, it would constitute vacant or unsurveyed land and belong to the Public Free School Fund.

A part of Article 5421c provides:

"If the area is found by the Commissioner to be unsurveyed and subject to sale, he shall value the land and give notice of the valuation to the applicant who may purchase the land on the same terms and conditions as prescribed by the law and the regulations for the sale of surveyed land." Section 6.

Section 8 of the Act makes provisions for the leasing by the land commissioner of all unsold public free school land, both surveyed and unsurveyed.

It is thus seen that upon an application being filed to buy or lease school land the Land Commissioner is given authority to determine whether the land covered by the application is vacant and belongs to the State. To control the discretionary action of the Land Commissioner through the processes of the courts in this regard is to control the State itself. This cannot be done absent legislative authority. It is therefore believed that this action is in reality one against the State, since its primary purpose is to preclude the Land Commissioner of the State of Texas, in his official capacity, from performing his discretionary duties enjoined upon him by law; that is, to determine the ownership of the land covered by the application. If the Land Commissioner determines the land to belong to the Public Free School System and grants the application to purchase of appellee, Aiken, appellant may have his day in court in the assertion of his title against the grantees of the State. De Grazier v. Panell Oil Corp., Tex.Civ.App., 109 S.W.2d 1109; Dawson v. McLeary, 87 Tex. 524, 29 S.W. 1044.

The applicable rule is well stated in 25 R.C.L. par. 50, p. 413:

"Suits against officers of a state as representing the state in action and liability, where the state, although not a party to the record, is the real party against which relief is sought, and where a judgment for the plaintiff, although nominally against the defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state."

This rule was approved by our Supreme Court in the case of Herring et al. v. Houston Nat. Exchange Bank, 113 Tex. 264,

253 S.W. 813. See, also, Mosheim v. Rollins, Tex.Civ.App., 79 S.W.2d 672, error dismissed; San Antonio Independent School District v. State Board of Education, Tex.Civ.App., 108 S.W.2d 445; York v. Alley, Tex.Civ.App., 25 S.W.2d 193, writ refused.

The above cited authorities, we think, clearly support our conclusions in the determination of this case. We have, however, given due consideration to the authorities of the Supreme Court of the United States, annotated under the 11th amendment of the Constitution of the United States, U.S.C.A.Const.Amend. 11.

Believing that this action is in reality one against the State, the trial court correctly sustained the plea to the jurisdiction on account of the absence of allegations of consent to sue the State. Accordingly, the judgment of the trial court is affirmed.