**PETROLEUM PRODUCERS CO. et al. v. REED et al.**

No. 10356.

Court of Civil Appeals of Texas. San Antonio.

Dec. 14, 1938.

Rehearing Denied Jan. 4, 1939.

Perkins & Floyd, of Alice, and Kilgore & Rogers, of Wichita Falls, for appellants:

Daniel B. Purvis, of San Diego, for appellees.

MURRAY, Justice.

Appellants, Petroleum Producers Company and United Producers Company, instituted this suit in the District Court of Duval County against M. H. Reed, Daniel B. Purvis and Ralph R. Ogden, in trespass to try title to approximately six acres of land in Duval County.

Appellees, Reed, Purvis and Ogden, filed a plea in abatement setting up, among other things, that the State of Texas was a necessary party to this suit, in that the State was claiming title to the six acres of land and had executed an oil and gas lease thereon to appellees. The trial court, after hearing evidence on the same, sustained the plea in abatement and dismissed the cause. Petroleum Producers Company and United Producers Company have prosecuted this appeal.

The appeal presents but one question, which is: Was the State an indispensable party to appellants' suit for title to the six acres of land? Appellants were unable to make the State a party to this suit, as they did not have legislative consent to do so, and the Attorney General of the State did not see fit to intervene. It is therefore apparent that if the State is an indispensable party to this suit there was nothing appellants could do to prevent their suit from being abated.

 This Court has, in effect, committed itself to the proposition that in suits of this nature the State is a proper and necessary party. See the recent case of McKamey v. Aiken, Tex.Civ.App., 118 S.W.2d 482. The real purpose of the suit at bar was to secure a judgment of a court of competent jurisdiction to declare that there was no vacancy lying between Survey 62, on the one hand, and Surveys 114 and 78, on the other hand; or, in other words, to have a court find that the east boundary line of Survey 62 coincides with the west boundary line of Surveys 114 and 78. Such a judgment would in effect cancel the lease given by the State, and, under the rule of "stare decisis," the State would not in a later suit be heard to contend that these surveys were not adjoining surveys with a common boundary line.

In any event the trial court has found, after hearing evidence, that the State is a proper and necessary party and that failure to make the State a party should abate the suit, and such matters being largely addressed to the discretion of the trial court, its action thereon will not be reversed on appeal, unless an abuse of discretion is shown.

It is apparent that if any relief should be granted to appellants, it would have to be in effect a cancellation of the oil and gas lease executed by the State. If such relief is to be granted the State should be a party to the suit. DeGrazier v. Panell Oil Corporation, Tex.Civ.App., 109 S.W.2d 1109.

The judgment is affirmed.