Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-11-00029-CV

**IN THE MATTER OF R.L.**

From the County Court, Bandera County, Texas
Trial Court No. 10-0009
Honorable Richard A. Evans, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:    September 14, 2011

REVERSED AND REMANDED

This is an appeal from the trial court's orders imposing monitoring obligations on the Texas Department of Family and Protective Services ("DFPS"), as a delinquent juvenile's custodian, and assessing court costs, fees, and restitution against DFPS. Because the doctrine of sovereign immunity precludes the obligations imposed on DFPS under the circumstances presented, we reverse the trial court's orders and remand the cause to the trial court with instructions to eliminate any provisions from its orders imposing obligations on DFPS.

### BACKGROUND

R.L is a child under the permanent managing conservatorship of DFPS. *See* TEX. FAM. CODE ANN. § 161.207 (West 2008). Claudia Aranda is employed by DFPS and serves as R.L.'s

substitute care caseworker.   Aranda is not related to R.L, and her responsibilities include monitoring R.L.'s progress in his residential placement.

On December 1, 2010, the State of Texas, appearing through the Bandera County Attorney, filed a petition against R.L. for having engaged in delinquent conduct by committing the offense of burglary of a habitation.   The delinquency petition alleged R.L. burglarized a home and stole various household items from the residence and that R.L.'s DFPS caseworker had by willful act or omission, contributed to, caused, or encouraged R.L.'s delinquent conduct. The petition requested that the trial court hold DFPS and Aranda liable for paying any costs, fees, and restitution imposed against R.L.

R.L., R.L.'s court appointed attorney, the Bandera County Attorney, and Aranda appeared at the hearing on the State's delinquency petition.   R.L. pleaded "true" to the State's allegation of engaging in delinquent conduct and the trial court entered an order of adjudication. After the trial court adjudicated R.L. delinquent, the court conducted a disposition hearing.   The trial court ultimately ordered DFPS or Aranda,[1] as R.L.'s "guardian/custodian," to perform certain monitoring requirements with respect to the juvenile, including: (1) ensuring his attendance at school; (2) reporting any probation violations by R.L.; and (3) ensuring R.L. complied with his curfew.   In addition, the court ordered DFPS or Aranda to pay $2,187.50 in restitution, $20.00 in court costs, $75.00 in attorney's fees, and $15.00 per month for the term of R.L.'s probation.

DFPS filed a motion to modify or reform the judgment to vacate "all parts of the orders directed towards either Aranda or DFPS" because the orders "impose obligations upon Aranda and DFPS that are not authorized by law or supported by the record."   DFPS asserted that

---

[1] "Texas Department of Family & Protective Services" is handwritten alongside Aranda's name in the orders pertinent to this appeal.   Specifically, the orders relevant to this appeal are the court's "Order Concerning Guardian/Custodian of Juvenile" and "Order of Disposition."

"because DFPS is a Texas sta[t]e agency and Aranda is named here in her capacity as a state employee, both enjoy sovereign immunity from any orders entered in this matter." DFPS's motion was overruled by operation of law and this appeal followed.

## SOVEREIGN IMMUNITY

"Sovereign immunity protects the State from lawsuits for money damages." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). Sovereign immunity has two components: (1) immunity from suit; and (2) immunity from liability. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit prohibits suits against the State unless the State expressly consents to suit. *Wichita Falls*, 106 S.W.3d at 696. Although the claim asserted may be one on which the State acknowledges liability, immunity from suit bars a remedy until the Legislature consents to suit. *Id.* Immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-639 (Tex. 1999). By contrast, immunity from liability protects the State from judgments even after the Legislature has consented to suit. *Taylor*, 106 S.W.3d at 696. Thus, even if the Legislature has authorized a claimant to sue, the State's immunity is retained until it acknowledges liability. *Id.* Unlike immunity from suit, the affirmative defense of immunity from liability does not affect a court's jurisdiction to hear a case. *Jones*, 8 S.W.3d at 638.

The fundamental question we must answer in this case is whether DFPS and its employee have sovereign immunity from the trial court's imposition of financial obligations against them in connection with R.L.'s delinquency proceeding. Because the issue in this case goes to a

question of law, we apply a *de novo* standard of review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

## DISCUSSION

Most cases that address the issue of sovereign immunity involve a plaintiff filing some type of lawsuit against a state agency or its employees. *See, e.g., Wanzer v. Tex. Dep't Criminal Justice Inst'l Div.*, No. 04-09-00441-CV, 2010 WL 2298843 (Tex. App.—San Antonio June 9, 2010, pet. denied) (mem. op.); *Villegas v. Tex. Dep't of Transp.*, 120 S.W.3d 26 (Tex. App.—San Antonio 2003, pet. denied). In this case, however, the trial court imposed obligations on DFPS and Aranda in connection with a juvenile delinquency proceeding, where the state agency was merely acting as a custodian of the juvenile. Although no suit in the traditional sense has been brought against the State, the proceeding nonetheless has coercive effects on the State in that it must now bear various obligations mandated by a court order.

A suit whose effect or purpose, whether directly or indirectly, is to coerce the State to perform some act, is effectively one against the State. *See generally McKamey v. Aiken*, 118 S.W.2d 482, 483 (Tex. Civ. App.—San Antonio 1938, writ dism'd) ("In the determination of whether an action is one against the State within the inhibited rule stated it is not necessary that the State appear upon the record as a party. If the State is the real party against which the relief is sought, the suit is one against the State, although nominally it appears upon the record against one of its officers."). The State, however, "is not subject to those coercive measures which may be employed against an individual" litigant. *Borden v. Houston*, 2 Tex. 594, 611-12 (1847).

> It can be sued only with its own consent, and in the manner and for the causes which it may by law prescribe. But it would be of no avail to the government that it cannot be coerced by a direct suit, if the same thing may be done indirectly in another manner. Coercion in either mode is incompatible with sovereignty.

*Id.* The policies and principles that preclude a direct suit against the State without prior consent would be defeated if the trial court's orders are permitted to stand in this case. *See State v. Snyder*, 66 Tex. 687, 701, 18 S.W. 106, 110 (1886) (citations omitted) ("'it is a well-established principle that courts have no authority to enforce claims against the government, in whatever form of action they may be urged, unless the institution of such action or the recognition of such claim has been expressly sanctioned by law. In fact, the proposition that the government is above the reach of judicial authority by direct action, but within its control and coercive power by indirect suit, is a solecism and absurdity in its very terms.'"). Because the trial court was without jurisdiction to impose obligations on DFPS or Aranda, the orders underlying this appeal cannot stand.

## CONCLUSION

We hold that DFPS and Aranda are immune from the trial court's imposition of obligations on them, including the assessment of costs, fees, and restitution in connection with R.L.'s delinquency proceeding. We therefore reverse the trial court's orders and remand the cause to the trial court with instructions to eliminate any provisions in its order imposing obligations on DFPS or Aranda.

Catherine Stone, Chief Justice