



## MEMORANDUM OPINION

No. 04-11-00030-CV

In the **MATTER OF J.L.S.**, A Child

From the County Court, Bandera County, Texas
Trial Court No. 10-0010
Honorable Richard A. Evans, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  September 21, 2011

REVERSED AND REMANDED

The Texas Department of Family and Protective Services ("DFPS") and Christopher McKelvy appeal the trial court's orders imposing monitoring obligations on them and assessing court costs, fees, and restitution against them in a juvenile proceeding.

J.L.S. is a juvenile under the permanent managing conservatorship of DFPS. Christopher McKelvy is employed by the Department and is J.L.S.'s substitute care caseworker. The State of Texas filed a petition to declare J.L.S. to have engaged in delinquent conduct by committing the offense of burglary of a habitation.[1] The trial court adjudicated J.L.S. delinquent, conducted a disposition hearing, and placed J.L.S. on probation under the supervision of the Bandera County

---

[1] J.L.S. was in foster care when the delinquent conduct occurred. At that time, McKelvy had been J.L.S.'s caseworker for several months.

Juvenile Probation Department. The trial court's disposition order also ordered McKelvy, as J.L.S.'s "guardian," to pay $2,187.50 in restitution, $20.00 in court costs, $15.00 per month probation supervisory fees, and $300.00 in attorney's fees. In addition, the trial court signed an "Order Concerning Guardians of Juvenile," which orders "Texas Department of Child Protective Services, Christopher McKelvy, or his Designee" to ensure J.L.S.'s attendance at school, report violations of school rules and probation conditions, ensure compliance with curfews, and to perform other monitoring requirements. The trial court denied DFPS's and McKelvy's motion to modify and for a new trial, and they appealed.

For the reasons stated in this court's opinion in *In the Matter of R.L.*, No. 04-11-00029-CV, 2011 WL 4089260 (Tex. App.—San Antonio Sept. 14, 2011, no pet. h.), we hold the relief the trial court granted against DFPS and McKelvy is barred by sovereign immunity, and the trial court lacked jurisdiction to grant the relief. We therefore reverse the trial court's orders and remand the cause to the trial court with instructions to eliminate all provisions in its orders imposing obligations on DFPS or McKelvy.


Steven C. Hilbig, Justice