

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00123-CV

Kiera **MATHIS**,
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI13518
Honorable Larry Noll, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: October 12, 2022

AFFIRMED

Kiera Mathis, acting *pro se*, appeals from the trial court's order granting the Texas Department of Family and Protective Services' plea to the jurisdiction and dismissing her case with prejudice. We affirm.

### BACKGROUND

Mathis filed a petition with the trial court consisting of (1) a completed form entitled "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)," (2) a "Statement of Claim/Affidavit of Facts," and (3) a letter from the Texas Department of Family and Protective

Services (the "Department"), attached as an exhibit. The letter states that the Department completed an investigation of alleged abuse or neglect involving Mathis and her children and made findings of "Ruled Out" or "Unable to Determine."

The form complaint indicates that Mathis's suit is against "[s]tate or local officials" pursuant to 42 U.S.C. § 1983 for alleged violations of her and her children's Fourth and Fourteenth Amendment rights. Mathis's "Statement of Claim/Affidavit of Fact," incorporated into the form, alleges that, on August 27, 2019, a Department caseworker removed Mathis's children from her home without a valid basis. Mathis contends that her children were not abused, abandoned, or neglected and that the Department's letter, with its findings of "Rule Out" and "Unable to Determine," indicates the Department had no "reason to believe" or a warrant to authorize the children's removal from her care. Further, Mathis alleges that at a hearing following the children's removal, the Department's caseworker testified there was a possibility of sexual abuse of one of the children. Mathis asserts this testimony was misrepresentation, and she complains that she was not present when the child was medically examined for signs of sexual abuse.[1] In a section for "Relief," the petition states:

> I would like the Court to take in[to] consideration of money damages[:]
>
> Claim 1[:] $280,000 for Aug[ust] 27, 2019 incident
>
> Claim 2[:] $280,000 per offspring of mine[] removed before a hearing total[ing] $840,000
>
> Claim 3[:] $1.8 million for the separation for nearly a year
>
> Claim 4[:] $100,000 for punitive damages

---

[1] The appellate record does not include any filings from the underlying removal proceedings.

The Department filed a plea to the jurisdiction, contending that sovereign immunity bars Mathis's claims. The trial court granted the plea and dismissed Mathis's claims with prejudice. Mathis timely appealed.

## DISCUSSION

We liberally construe *pro se* pleadings and briefs; however, we hold *pro se* litigants to the same standards as licensed attorneys. *See Smith v. DC Civ. Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.); *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). Liberally construed, Mathis's brief argues the trial court erred by dismissing her claims with prejudice because the Department had waived its sovereign immunity. She also argues issues that we would reach only if we were to consider the merits of her claims. We first address the trial court's jurisdiction, and then we consider appellant's ten specific issues.

### I. Sovereign Immunity

"Sovereign immunity protects the State from lawsuits for money damages." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (citation omitted). A unit of state government is entitled to such immunity — referred to as governmental immunity — unless it has been waived. *See Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 926 (Tex. 2015); *Reata Const. Corp.*, 197 S.W.3d at 374.[2] "Sovereign immunity encompasses immunity from suit, which bars a suit unless the state has consented, and immunity from liability, which protects the state from judgments even if it has consented to the suit." *Reata Const. Corp.*, 197 S.W.3d at 374. Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction. *Id.*

---

[2] For ease of reference, we use the term "sovereign immunity" to reference both sovereign immunity and governmental immunity.

A party may assert that a trial court lacks subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction *de novo*. *In re Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (orig. proceeding). In assessing a plea to the jurisdiction, we begin with the live pleadings. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.*; *Ryder Integrated Logistics*, 453 S.W.3d at 927. "We may also consider evidence submitted to negate the existence of jurisdiction — and we must consider such evidence when necessary to resolve the jurisdictional issue." *Heckman*, 369 S.W.3d at 150. We must grant the plea if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Id.* "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff[ ] an opportunity to amend." *Miranda*, 133 S.W.3d at 227.

The Department's plea addresses Mathis's petition, and neither party filed jurisdictional evidence other than the affidavit and letter attached to Mathis's petition. The Department is a Texas state agency, and, as a state agency, it is entitled to sovereign immunity unless it has been waived. *See Brice v. Tex. Dep't of Fam. & Protective Servs.*, No. 14-20-00506-CV, 2022 WL 1310876, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2022, no pet.); *In re K.G.S.*, No. 14-12-00673-CV, 2014 WL 801127, at *5 (Tex. App.—Houston [14th Dist.] Feb. 27, 2014, no pet.); *In re R.L.*, 353 S.W.3d 524, 527–28 (Tex. App.—San Antonio 2011, no pet.); *Tex. Dep't of Fam. & Protective Servs. v. Atwood*, 176 S.W.3d 522, 527 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see also* TEX. FAM. CODE ANN. § 58.0051(a)(2)(C) (defining "juvenile service provider" as a governmental entity, specifying the term includes the Department of Family and Protective Services).

Mathis, as the party suing a governmental entity, bore the burden of affirmatively demonstrating the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Mathis asserts in her petition and briefs on appeal that the Department intentionally deprived her and her children of due process and constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Her form complaint asserts claims pursuant to 42 U.S.C. § 1983, and Mathis describes her claims as falling under § 1983. Section 1983 provides for a cause of action against a person who, under color of law, deprives another person of rights secured by the Constitution. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Mathis asserts that her complaint also asserts claims under the Fourth and Fourteenth Amendments. Construing her *pro se* pleading and briefs liberally, we consider Mathis's claims as claims under the First and Fourteenth Amendments as well as under § 1983 based on alleged deprivations of Fourth and Fourteenth Amendment rights.

"The Eleventh Amendment to the United States Constitution protects the State of Texas from suit in its own courts for an alleged violation of federal law." *Hidalgo Cty. v. Dyer*, 358 S.W.3d 698, 709 (Tex. App.—Corpus Christi 2011, no pet.) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989)); *see also Puentes v. State*, No. 04-17-00258-CV, 2017 WL 4413424, at *2 (Tex. App.—San Antonio Oct. 4, 2017, no pet.). Congress has the power to abrogate state sovereign immunity under Section 5 of the Fourteenth Amendment, but it must do so with "an unequivocal expression of congressional intent." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985) (internal quotation marks omitted). Alternatively, the State of Texas may waive its immunity by statute or legislative resolution with "clear and unambiguous language." *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018).

Mathis has directed us to no authority to suggest that Congress has abrogated Eleventh Amendment immunity as to claims under the Fourth and Fourteenth Amendments. To be sure, a parent has a liberty interest in the care, custody, and control of children, pursuant to the Due Process Clause of the Fourteenth Amendment. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000). The Fourth Amendment "safeguard[s] the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting *Camara v. Mun. Court*, 387 U.S. 523, 528 (1967)). However, these protections do not suggest that Congress has waived the State's Eleventh Amendment immunity for suits seeking money damages for alleged violations of these constitutional rights. *See Brice*, 2022 WL 1310876, at *3 ("The Fourteenth Amendment's Due Process Clause does not waive the Department's sovereign immunity."); *cf. Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982) ("The Constitution does not waive the Government's sovereign immunity in a suit for damages.").[3]

Mathis also asserts her constitutional claims under § 1983. *See* 42 U.S.C. § 1983. However, Congress has not abrogated the State's or the Department's immunity as to claims under this statute. *See Will*, 491 U.S. at 67 (The enactment of § 1983 did not "disregard the well-established immunity of a State from being sued without its consent."); *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007); *Brice*, 2022 WL 1310876, at *3; *Adams v. Harris Cty.*, No. 04-15-00287-CV, 2015 WL 8392426, at *3 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied); *In re K.G.S.*, 2014 WL 801127, at *5.[4]

---

[3] In addition to the Fourth and Fourteenth Amendments, Mathis asserts jurisdiction under 28 U.S.C. § 1331; however, § 1331 is not a waiver of sovereign immunity. *Garcia*, 666 F.2d at 966; *Wije v. Tex. Woman's Univ.*, No. 4:14-CV-571-ALM-CAN, 2015 WL 9872534, at *7 (E.D. Tex. Dec. 22, 2015) ("Section 1331 provides federal district courts original jurisdiction over federal questions, but it does not create a blanket waiver of sovereign immunity.").

[4] Mathis cites *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for the proposition that a "local government" is a "person" subject to suit under § 1983; however, the Department, as a state agency, is not a "local government," under § 1983. *See Will*, 491 U.S. at 65–66; *see also Koseoglu*, 233 S.W.3d at 839; *Brice*, 2022 WL 1310876, at *3.

Likewise, Mathis has not directed us to any state statute or legislative resolution purporting to establish the Department's waiver of sovereign immunity for claims under the Fourth and Fourteenth Amendments and under § 1983. *Cf. Nazari*, 561 S.W.3d at 500. Therefore, Mathis has not established the Department's waiver of immunity by legislative enactment. *See id.*; *Whitley*, 104 S.W.3d at 542–43; *see also Koseoglu*, 233 S.W.3d at 839–40; *Brice*, 2022 WL 1310876, at *3; *In re K.G.S.*, 2014 WL 801127, at *5.[5]

We hold Mathis has not established a valid waiver of the Department's sovereign immunity for her claims for money damages against the Department pursuant to the Fourth and Fourteenth Amendments and under § 1983. Therefore, the trial court did not err by granting the Department's plea to the jurisdiction. *See Whitley*, 104 S.W.3d at 544; *Brice*, 2022 WL 1310876, at *3–*4; *In re K.G.S.*, 2014 WL 801127, at *5. Because Mathis's claims are barred by sovereign immunity and this bar cannot be overcome by amending the claims, we affirm the trial court's dismissal of her claims with prejudice. *See Miranda*, 133 S.W.3d at 227; *Puentes*, 2017 WL 4413424, at *3.

## II. Mathis's Issues on Appeal

With our jurisdictional holding in mind, we now address Mathis's ten specific issues. Mathis's Issue 7 asks "Whether Congress intend[ed] to abrogate the state sovereign immunity through the U.S. Const, amend. XIV, § 5 for civil rights and constitutional violations?" As discussed, Mathis has not directed us to any authority to suggest that Congress has abrogated Eleventh Amendment immunity through Section 5 of the Fourteenth Amendment as to her claims. We overrule her Issue 7.

---

[5] Mathis has not asserted an *ultra vires* claim against an officer or employee of the Department or a claim against a Department officer or employee in that person's individual capacity. *Cf. City of El Paso v. Heinrich*, 284 S.W.3d 366, 371–73 (Tex. 2009); *Brice*, 2022 WL 1310876, at *2; *Adams*, 2015 WL 8392426, at *4.

Mathis's Issue 1 asks: "Can the [Department] have [i]mmunity for [its] nonjudicial activities wh[ich] knowingly violate civil rights and due process secured by 'U.S. Const, amend. XIV, § 1'?" Mathis's Issue 5 asks: "Does the 11th Amendment sovereign immunity apply for [the Department] after the [D]epartment maliciously fabricated claims or evidence of human trafficking and sexual abuse?" Mathis's Issue 10 asks: "Whether the district court['s] discretionary decision dismissing civil rights claim[s] with prejudice should be reversed and remanded when there is clear evidence of constitutional violations and fraud?" We overrule Mathis's Issues 1, 5, and 10 because the State's sovereign immunity is not dependent on the resolution of Mathis's allegations of constitutional violations, malicious actions, or fraud. *See Reata Const. Corp.*, 197 S.W.3d at 374 ("Sovereign immunity encompasses immunity from suit[.]").

We do not reach Mathis's Issues 2, 3, 4, 6, 8, which concern the merits of her claims, because the trial court did not have subject-matter jurisdiction. *See id.*[6]

Last, we overrule Mathis's Issue 9, which concerns dismissal with prejudice.[7] As discussed above, the trial court correctly dismissed Mathis's claims with prejudice because the jurisdictional bar to her claims cannot be cured by amendment.

---

[6] Mathis's issues that we do not reach are:
Issue 2: "Alternatively [to Issue 1], [s]hould the [D]epartment strip a parent of custody and due process rights secured by 'U.S. Const, amend. XIV, § 1' if her offspring[] weren't in danger of serious bodily harm?"
Issue 3: "Whether an order or judgment should be declared void if a court gives an emergency order resulting in a violation of 14th Amendment due process law, claiming children were victims of human trafficking on 1 [or] more occasions when in fact they were not?"
Issue 4: "Whether a mother['s] right to medical consent [is] protected by the 'U.S. Const, amend. XIV, § 1?'"
Issue 6: "Whether [the] Parental [R]ights and [R]esponsibilities [A]ct [of] 1995 is intended to protect families from misconduct or interference from the state?"
Issue 8: "Whether parents and their offspring[] are protected by the 'U.S. Const, amend. IV' of the constitution against unreasonable and warrantless seizures?"

[7] Mathis's Issue 9 is: "Whether the district court's judgment should be declared Void for willfully violating 28 U.S. Code § 455 and Texas Code of Judicial Conduct cannon 3B(5) and (8), after a person pleads for non-Prejudice, preserving her 7th And 14th Amendment rights?"

**CONCLUSION**

We affirm the trial court's order granting the Department's plea to the jurisdiction and dismissing Mathis's claims with prejudice.

Rebeca C. Martinez, Chief Justice